UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:17-cr-0026-GFVT-HAI-1 |
| | ) | |
| V. | ) | |
| | ) | |
| BOBBY GREEN, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Report and Recommendation [R. 107] filed by United States Magistrate Judge Hanly A. Ingram, addressing the Motion to Suppress filed by Defendant Bobby Green. [R. 74.] On February 20, 2017, Detective Benjamin Graves of the Kentucky State Police observed a vehicle traveling at high speed, crossing the center line of a two-lane highway. [R. 107 at 2.] Detective Graves attempted an unsuccessful traffic stop of the vehicle before pursuing the vehicle at a speed between eighty-five and ninety miles per hour through several Kentucky counties. *Id*. After more than twenty miles of this chase, a fellow officer deployed a spike strip, which disabled the vehicle. *Id*. The vehicle slowed to a speed below fifteen miles per hour, at which time Detective Graves observed the driver exit the car, jump over an embankment, and flee. *Id*. Because of prior encounters, Detective Graves recognized this driver as Defendant Bobby Green. *Id*.

Detective Graves attempted, unsuccessfully, to find the driver before returning to the abandoned car. *Id*. Inside the car, he located a cell phone, a rifle, a blue plastic container with

an assortment of pills, and a black pouch containing digital scales, plastic baggies, and three empty syringes. *Id*. He opened the phone to review the text messages, directory, and list of contacts, where he discovered text messages referring to the owner of the phone as "Bobby" and "Green." *Id*. at 2–3. Another text message asked the owner to return home to care for children, and Detective Graves noted the phone number that sent this message. *Id*. at 3. Later, he called the number and learned it belonged to Mr. Green's wife, Kim Green. *Id*. Detective Graves did not review the phone for any additional evidence. *Id*.

On May 25, 2017, a federal grand jury returned an indictment charging Mr. Green with three counts of possession with intent to distribute methamphetamine and two counts related to his possession of a firearm. [R. 1.] On September 28, 2017, a superseding indictment was returned, adding additional defendants. [R. 20.] Mr. Green was arraigned on the superseding indictment on October 4, 2017, at which time he pleaded not guilty. [R. 34.] Trial for Mr. Green is currently scheduled for May 29, 2018. [R. 110.]

Mr. Green filed a Motion to Suppress on January 19, 2018, claiming Detective Graves violated his Fourth Amendment rights by examining the contents of his cell phone without obtaining a search warrant. [R. 74.] On January 22, 2018, Magistrate Judge Ingram directed the Government to file a response. [R. 75.] The Government argued that the cell phone had been abandoned, and therefore, Mr. Green had no right to privacy in its contents. [R. 80.] On February 16, 2018, Judge Ingram held an evidentiary hearing on the matter. [R. 89.] Subsequent to the hearing, on February 27, 2018, Mr. Green filed an additional memorandum in support of his Motion to Suppress. [R. 97.]

On March 27, 2018, Judge Ingram filed his Recommended Disposition. [R. 107.] He determined, "[T]he seizure and subsequent search of a cell phone left in an abandoned vehicle

after the defendant fled from police did not violate the Fourth Amendment." *Id*. at 6 (citing *United States v. Foster*, 65 F. App'x 41, 46 (6th Cir. 2003). According to Judge Ingram, Mr. Green clearly abandoned the vehicle and his actions "very clearly disclaimed any ownership in the property." [R. 107 at 7.] Mr. Green did not display any reasonable expectation of privacy in either the vehicle or its contents. *Id*.; *Foster*, 65 F. App'x at 46; *United States v. Oswald*, 783 F.2d 663, 663–67 (6th Cir. 1986). Accordingly, Judge Ingram recommended this Court deny Mr. Green's Motion to Suppress.

Judge Ingram then notified parties of their appeal rights pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Crim. Pro. 59(b), directing parties to file any objections within fourteen (14) days of service of the Recommendation. [R. 107 at 8.] As of this date, neither party has filed objections nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard. . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Report and Recommendation.

Accordingly, the Court having considered the record and being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 107**] as to Defendant Bobby Green is **ADOPTED** as and for the Opinion of the Court; and

2. Defendant Bobby Green's Motion to Suppress [**R. 74**] is **DENIED**.

This the 4th day of May, 2018.

*Gregory F. Van Tatenhove*
United States District Judge