UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:21-CV-00038-GFVT-EBA
(Related Criminal Action No. 6:17-cr-00026-GFVT-EBA)

UNITED STATES OF AMERICA, PLAINTIFF,

V. **RECOMMENDED DISPOSITION**

BOBBY GREEN, DEFENDANT.

*** *** *** ***

Bobby Green, a federal prisoner proceeding *pro se*, brings this action under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. [R. 242]. Green argues for relief under § 2255 on five theories of ineffective assistance of counsel:

> (1) counsel's failure to advise Green of a viable defense;
> (2) counsel's failure to subject the government's case to meaningful adversarial testing and failure to challenge a defective indictment;
> (3) counsel's failure to challenge the superseding indictment;
> (4) counsel was ignorant of the law; and
> (5) counsel's failure to advise Green properly during plea negotiation resulted in an involuntary plea.

Due to the reasons discussed herein, Green fails to establish that he is entitled to relief under 28 U.S.C. § 2255. Therefore, it is **RECOMMENDED** that Green's motion to vacate be **DENIED**.

## I. Facts & Procedural History

In 2017, a grand jury indicted Green on four counts of possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); conspiracy to distribute fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846; possession

of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [R. 20 at pg. 1-5].

In July 2018, Green pleaded guilty to all four counts of possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine and conspiracy to distribute fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine. [R. 222 at pg. 41]. There was no written plea agreement. The case proceeded to trial on Green's firearm charges. At the close of the government's case-in-chief, Green moved for judgment of acquittal based on insufficiency of the evidence, which the district court denied. [R. 229 at pg. 48]. The jury then found Green guilty of his firearm charges. [*Id*. at pg. 123]. The district court sentenced Green to 248 months in prison. [R. 230 at pg. 29].

In November 2018, Green appealed his conviction arguing: (1) his guilty plea for the §§ 841(a)(1) and 846 charges was not knowing, intelligent, and voluntary; (2) there was insufficient evidence to sustain his §§ 924(c)(1)(A) and 922(g)(1) convictions; (3) the district court abused its discretion in admitting hearsay evidence; and (4) the district court erred in failing to give a limiting jury instruction. [R. 236]. The Sixth Circuit affirmed the district court's judgment. [R. 235 at pg. 10]. Green then timely filed the instant Motion to Vacate under 28 U.S.C. § 2255. [R. 242].

## II. Standard of Review

A motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction. A prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). For a federal prisoner to prevail on such a claim, he bears the burden of showing that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Mallett v. United*

*States*, 334 F.3d 491, 496-97 (6th Cir. 2003), cert. denied 540 U.S. 879 (2003). If the prisoner alleges constitutional error, he must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson,* 507 U.S. 619, 637-38 (1993)). Alternatively, if he alleges a non-constitutional error, he must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

The Court additionally recognizes the *pro se* status of Green. *Pro se* motions receive comparatively lenient construction. *Castro v. United States*, 540 U.S. 375, 381-82 (2003) (demonstrating consideration given across the circuits for *pro se* petitions); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (holding that "allegations of pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation . . . 'to encompass any allegation stating federal relief'").

## III. Analysis

All of Green's claims allege ineffective assistance of counsel. To prevail on ineffective assistance of counsel under § 2255, Green must show: (1) deficient performance and (2) how "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (stating that "[u]nless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable"). First, to prove deficient performance, Green must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. In applying this test, reviewing courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Id.* To show representation fell below an objective standard of reasonableness, the petitioner must articulate specific acts or omissions to show how counsel's

performance fell "outside the wide range of professionally competent assistance." *Id.* at 690.

Second, Green must also establish prejudice by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of his proceedings would have been different. *Id.* at 694-95. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011) (citing *Strickland*, 466 U.S. at 696). "When deciding ineffective-assistance claims, courts need not address both components of the [deficient performance and prejudice] inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697. Decisions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). While trial counsel's tactical decisions are not completely immune from Sixth Amendment review, they must be particularly egregious before they will provide a basis for relief. *Martin v. Rose*, 744 F.2d 1245, 1249 (6th Cir. 1984). Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 691). "Counsel is constitutionally ineffective only if performance below the professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

**A. Green's claim that his counsel neglected to advise him of a viable defense.**

Green makes multiple arguments throughout this claim, many of which are repeated in later claims. For clarity, Green's argument's regarding his trial counsel's failure to provide a viable defense (*Rehaif*), his trial counsel's alleged failure to subject the government's case to adversarial testing, and his claim that his counsel failed to investigate witnesses will be discussed in below sections along with other related issues in Green's subsequent claims. The remaining issues Green

alleges in this claim are that his counsel had a conflict of interest, and that counsel failed to investigate his competency and present an insanity defense. [R. 242. at pg. 4-5]. These arguments will be addressed in turn.

First, the Court turns to Green's claim that his trial counsel had a conflict-of-interest. [*Id.* at pg. 5] Importantly, Green demonstrates no factual basis for his conflict-of-interest claim. The § 2255 Rules require that a motion under 28 U.S.C. § 2255 must "specify all grounds for the relief available to the moving party" and "state the facts supporting each ground." R. 2. 28 U.S.C.A. § 2255. Further, a motion under § 2255 must consist of more than legal conclusions and unsupported factual allegations. *See United States v. Brummett*, No. 6:07-103-DCR 2013 WL 5798013 at *24 (E.D. KY. Oct 28 2013). This requirement extends to *pro se* parties as well. *See United States v. Dado*, No. 09-CR-20523, 2016 WL 4698782, at 3 (E. D. Mich. Jan 11, 2016) (holding that "[a]ll parties, including pro se incarcerated persons, are obligated to develop arguments in a more than perfunctory manner, unaccompanied by some effort at developed argumentation. *See also United States v. Hansel,* 220 F. App'x 428, 431 (6th Cir. 2007) (dismissing claim because defendant failed to develop argument or substantiate claim by pointing to specific parts of the record); *United States v. Domenech*, No 1:06-CR-245-2 2013 WL 3834366, at *2 (W. D. Mich. July 24, 2013) (dismissing § 2255 motion on procedural grounds because defendant failed to provide essential factual allegations).

Green has provided no factual basis to support his allegation that his attorney had a conflict of interest. Accordingly, Green's claim that his attorney had a conflict of interest is meritless.

For similar reasons, Green's claim that his counsel failed to investigate his competency is meritless. Green has similarly provided no factual basis for his allegations. In fact, the record directly contradicts his assertions. During his rearraignment, Green's counsel stated that he had no

competency concerns regarding Green. [R. 222 at pg. 15]. Green was able to reply to the Court somberly and solemnly. [*Id.* at pg. 15-17]. The tone and substance of Green's plea hearing indicates that Green was, in fact, competent:

> THE COURT: Have you understood everything that I've said to you so far today?
> THE DEFENDANT: Yes, sir.
> THE COURT: Did you meet with your lawyer before I came into the courtroom today?
> THE DEFENDANT: Yes, sir.
> THE COURT: Were you able to understand your lawyer when you met with him?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you think that you are clear-headed enough today to make good decisions about your rights?
> THE DEFENDANT: Yes, sir.
> THE COURT: Mr. Hoskins, do you have any competency concerns, sir?
> MR. HOSKINS: I do not, Your Honor.
> THE COURT: Do you have any reason to believe Mr. Green is impaired in any way or does not understand the nature of the charges against him?
> MR. HOSKINS: No, Your Honor.
> THE COURT: Has he assisted you effectively in defending the charges?
> MR. HOSKINS: Yes, Your Honor.
> THE COURT: Has he displayed any irrational or erratic conduct?
> MR. HOSKINS: No, Your Honor.
> THE COURT: In any way has the history of schizophrenia posed any competency issues in your mind?
> MR. HOSKINS: It did when I first learned about it. I've met with Mr. Green at least a dozen times since I've been appointed to represent him. I also talked with his mother and brother to explore whether or not the situation rose to the need to file a motion for a competency evaluation. The information that came to me was -- indicated to me more that Mr. Green had problems related to abuse of methamphetamine and that if he were still in the throes of active use, that he would likely not be competent. But that what I've seen I didn't think rose to the level that justified a motion for competency evaluation. I've had no problems communicating with him. We've talked, as I say, numerous times. He's always rational, understands what I'm saying, and makes good sense when we talk about the case.
> THE COURT: Okay. When did you meet with him most recently in advance of this hearing?

> MR. HOSKINS: One day last week.
> THE COURT: Okay. Did you have any difficulties in getting him to understand the nature of this hearing or the consequences of the decisions he'll be making?
> MR. HOSKINS: No, Your Honor.
> THE COURT: Fair enough. Mr. Dotson, do you have any reason to question the defendant's competency today?
> MR. DOTSON: No, Judge.
> THE COURT: Okay. Well, it's clear to me that Mr. Green has understood everything I've asked, and his answers have been responsive and appropriate. Based on what you've said and what the lawyers have told me as well, I do find that you're competent to plead guilty so the hearing can go forward at this point.

[*Id*. pg. 14-17].

Under *Strickland*, with regard to counsel's duty to investigate, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" and "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland* at 690-91. As seen above, Green's counsel investigated Green's psychological history and found Green to be rational and capable of understanding the gravity of his situation. Thus, Green's claim that he received ineffective assistance of counsel due to Counsel's failure to investigate his competency is without merit.

To succeed on an insanity defense, a defendant must prove by clear and convincing evidence that "at the time of the commission of the acts constituting the offense," he, "as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17. Further, to succeed on such a defense, a defendant must admit to committing the criminal conduct. *Kissner v. Palmer*, 826 F.3d 898, 903 (6th Cir. 2016). The Sixth Circuit has noted that a defendant who asserts that he is actually innocent cannot, therefore, show that counsel was ineffective in failing to raise the insanity defense. *Id.*

Here, Green cannot meet his burden of showing that counsel performed deficiently in his strategic decision not to pursue an insanity defense. By definition, by proceeding to trial on counts 4 and 5 of the superseding indictment Green is not admitting to possession of the firearm. Counsel's strategic choice not to pursue an insanity defense was reasonable given the trial strategy regarding the case. For the foregoing reasons Green's claim about counsel's failure to provide a viable defense are meritless.

**B. Green's claims that counsel did not subject the government's case to meaningful adversarial testing or challenge a defective indictment.**

Within this claim, Green makes three arguments: (1) that trial counsel failed to subject the government's case to meaningful adversarial testing; (2) that his appellate counsel failed to raise an *Apprendi* argument; and (3) that the indictment was defective as it failed to list the specific quantity of drugs. [R. 242 at pg. 5]. These arguments will be discussed in turn.

First, Green asserts that his trial counsel entirely failed to subject the government's case to meaningful adversarial testing. [R. 242 at pg. 5]. Green's factual basis for this assertion appears in his affidavit to his motion to vacate where Green asserts that, "[a]t the outset of the guilty plea, my attorney Hoskins never discussed with me that he had investigated or interviewed any witnesses." [R. 241-1 at pg. 2]. Further, Green claims that, "trial counsel . . . failed to fully investigate witnesses and promis[ed] in [the] opening statement that he would call witnesses. [R. 242 at pg. 4].

Green relies on *United States v. Chronic*, 466 U.S. 648 (1984) (holding that a prisoner's Sixth Amendment rights were violated when petitioner's trial counsel failed to subject the government's case to meaningful adversarial testing). Green seems to suggest that his trial counsel's failure to investigate witnesses prior to trial and to bring witnesses at trial constitutes a failure to subject the government's case to meaningful adversarial testing in violation of his Sixth Amendment rights. However, the record does not support Green's claim. During *voir dire*, Green's

attorney notified the Court of three potential witnesses he might call: Kay Morgan, John Combs, and Charles Foster. [R. 228 at pg. 35]. The jury pool was questioned about their potential relationships regarding all three potential witnesses. [*Id.*]. Notably, Green fails to indicate any potential witnesses that should have and were not investigated by his counsel.

Green also alleges that he received ineffective assistance of counsel due to his trial counsel's failure to call witnesses at trial. [R. 242 at pg. 4]. It is true that Green's trial attorney did not call witnesses at trial. Further, it is true that failure to call favorable witnesses can amount to ineffective assistance where it results in prejudice to the defense. *See*, e.g., *Towns v. Smith*, 395 F.3d 251, 258-60 (6th Cir. 2005) (counsel ineffective for failing to call a witness who could have created an alternative theory of the case). But "defense counsel has no obligation to call or even interview a witness whose testimony would not have exculpated the defendant." *Millender v. Adams*, 376 F.3d 520, 527 (6th Cir. 2004) (quotation marks and citation omitted). Accordingly, Green's trial counsel's failure to call witnesses at trial meets neither the *Chronic* standard for failure to subject the government's case to meaningful adversarial testing, nor either of the *Strickland* prongs for ineffective assistance of counsel. Green offers no factual basis asserting that any of the witnesses investigated by his counsel would have offered exculpatory information. Further, the trial record shows the Green's attorney was an active participant in the trial. He cross-examined witnesses, made proper objections, and presented a closing argument. [R. 228 at pg. 164; 144] and [R. 229 at pg. 72-83]. Thus, Green's argument that the government's case was not subject to adversarial testing fails.

Second, Green argues that his appellate counsel failed to make an *Apprendi* argument. [R. 242 at pg. 5]. The *Apprendi* Court held that the Sixth Amendment prohibits judges from enhancing criminal sentences beyond the statutory maximum based on facts other than those decided by a

jury beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). *See also United States v. Carter*, 45 F. App'x 339, 348 (6th Cir. 2002); *United States v. Stines*, 313 F.3d 912, 915 (6th Cir. 2002). While Green correctly states that his appellate counsel did not raise an *Apprendi* argument, Green's appellate counsel was correct to not raise the argument. In Green's case, none of the sentences exceed the statutorily maximum.

Green was charged with, and plead guilty to, five counts of possessing with the intent to distribute a "mixture or substance containing a detectable amount of methamphetamine" in violation of 21 U.S.C. § 841(a)(1). [R. 20 at pg. 53-57]. The maximum term of imprisonment for a violation of 21 U.S.C. § 841(b)(1)(C) is 20 years pursuant to 21 U.S.C. § 841(b)(1)(C). The Court sentenced Green to 188 months imprisonment on these counts. [R. 198 at pg. 580]. Green's sentencing under 18 U.S.C. § 924(c)(1)(A) carried a minimum of 5 years and a maximum of life. 18 U.S.C. § 922(g)(1) carried a maximum of 10 years. The Court sentenced green to 60 months for his violation of 18 U.S.C. § 924(c)(1)(A) and 120 months for his violation of 18 U.S.C. § 922(g)(1) with these sentences being served concurrently but consecutive to Green's sentence under 21 U.S.C. § 841(a)(1). [R. 230 at pg. 28-29]. Altogether, Green was sentenced to a prison term of 248 months. Consequently, an *Apprendi* analysis is not warranted. Accordingly, Green's appellate counsel was correct not to raise an *Apprendi* argument, as it was not necessary based on the facts of the Green's sentencing. Thus, Green's claim that his appellate counsel's actions constituted ineffective assistance of counsel is without merit.

Third, Green claims that his trial counsel provided ineffective assistance of counsel by failing to argue the indictment was defective for failing to list a drug amount. [R. 242 at pg. 5]. While Green is correct that the indictment does not list the specific drug amount, his assertion that

he received ineffective assistance of counsel due to his counsel's failure to challenge the indictment is erroneous.

Green was charged with four counts of possessing with intent to distribute a "mixture or substance containing a detectable amount of methamphetamine," in violation of 21 U.S.C. § 841(a)(1). [R. 20 at pg. 1-4 counts 1-3 & 9]. Green pleaded guilty to these charges. [R. 142 at pg. 387; R. 144 at pg. 391; R. 145 at 394].

Importantly, "[t]he government's failure to allege a drug quantity does not render a drug distribution indictment constitutionally infirm." *United States v. Stewart*, 306 F.3d 295, 310 (6th Cir. 2002). However, when specific quantities are not alleged, ". . . the defendant should be sentenced under 21 U.S.C. 841(b)(1)(C), which establishes the default statutory maximum sentences and does not require as an element of the offense a specific quantity of drugs. *Id*. Accordingly, Green's counsel had no basis to challenge the indictment as defective, as it was constitutionally proper. Thus, Green's ineffective assistance of counsel claim fails.

**C. Green's claim that trial counsel did not challenge the superseding indictment.**

Green claims that the superseding indictment never went to a grand jury [*Id*.]. Green then requests for court aid to develop his claim that a superseding indictment never went before a grand jury [*Id*.].

Here, the record indisputably shows that the superseding indictment was obtained by the government with an empaneled grand jury. The superseding indictment indicates that it was a "True Bill" indicating that twelve or more of the empaneled grand jury members found the evidence presented to them justified Green's prosecution. [R. 20 at pg. 1]. Further, the True Bill was signed by the grand jury's foreperson. [*Id*.]. Thus, the record indicates that Green's superseding indictment was, in fact, obtained through the proper procedure before a grand jury.

Accordingly, Green's claim that he received ineffective assistance of counsel due to his counsel not objecting to an erroneously obtained superseding indictment is without merit.

**D. Green's claim that counsel was ineffective and ignorant of the law.**

Green claims his counsel was ineffective because trial counsel failed to raise a *Rehaif* defense to the charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). [R. 242 at pg. 6]. In *Rehaif*, the Supreme Court held that to sustain a conviction under § 922(g), a defendant is required to know not only that he possessed a firearm, but also that he is a member of a category of persons barred from possessing a firearm. *Rehaif v. United States*, 139 S.Ct. 2191, 2200 (2019). Further, in *United States v. Bowens*, the Sixth Circuit clarified that, when prosecuting a § 922(g) case, the government is not required to show that a defendant knew that convicted felons are prohibited from possessing firearms under § 922(g)(1). Rather, the government need only prove that a defendant knew that he was a convicted felon. *See United States v. Bowens*, 938 F.3d 790, 797-98 (6th Cir. 2019). *Rehaif* was issued on June 21, 2019, nearly a year after a jury found Green guilty of the offense on August 15, 2018. The Sixth Circuit has held that *Rehaif* should be retroactively applied to cases on collateral review, as the Supreme Court announced a new substantive rule governing convictions under 18 U.S.C. § 922(g). *See Kelley v. United States* 2021 U.S. App. LEXIS 3344. Interestingly, however, is that Green contends that his counsel failed to inform him about the *Rehaif* defense at any stage of the litigation, but fails to assert either that he did not know he was a convicted felon or did not know of the presence of the firearm. In fact, the evidence of record is to the contrary. On August 14, 2018, before trial, Green entered into a stipulation with the United States that he ". . .had been convicted of a crime punishable by imprisonment for a term of more than one year." [R. 176]. His criminal history reflects one conviction for Attempted Murder for which he was sentenced to 13 years in prison, and a prior trafficking offense, for which he was sentenced to 13 years in prison. [R. 201 at pg. 16, para. 73].

Finally, the evidence in this case was to the effect that after being stopped by law enforcement, in the front seat of Green's vehicle, officers found a Rossi .243 caliber single shot rifle. [R. 228 at pg. 160].

Importantly, Green has not argued that he was unaware that he was a convicted felon. Likewise, he does not argue that he did not knowingly possess a firearm. Accordingly, in this circumstance, there is no basis for relief under § 2255.

**E. Green's claim that counsel did not advise him properly during plea bargaining resulting in an involuntary plea.**

Green's contention that his counsel provided ineffective assistance of counsel during plea negotiations appears to be erroneously grounded in his belief that counsel ignored a defense granted through *Rehaif*, which could not have been used in plea negotiations as it had not been decided yet. The Sixth Circuit has held that counsel's failure to predict a change in the law is not a constitutional error. *United States v. Burgess*, 142 F. App'x 232, 241 (6th Cir. 2005); *see also Nichols v. United States*, 563 F.3d 240, 253 (6th Cir. 2009) (holding counsel not deficient for failing to foresee change in the law.) "The Sixth Amendment [right to counsel] does not require counsel for a criminal to be clairvoyant." *Cornell v. Jeffries*, No. 2:05-CV-948, 2006 WL 2583300, at *20 (S. D. Ohio Sept. 7 2006.); *see also United States v. Conley*, 290 F. Supp 3d 647, 661 (E. D. Ky. 2017) (holding counsel was "not expected to be a fortune-teller" and denying ineffective assistance claim based on failure to predict development in the law); *Robinson v. United States*, 636 F. Supp 2d. 605, 606 (E. D. Mich. 2009) (holding counsel's failure to anticipate change in law not error of constitutional magnitude).

Green's trial counsel's failure to anticipate the new defense offered in *Rehaif* cannot be construed as being ineffective assistance of counsel by weight of Sixth Circuit authority.

Accordingly, Green's assertion that his counsel was ineffective due to ignorance of the law is meritless.

Next, Green claims that his trial counsel provided ineffective assistance of counsel by failing to use his "psychological problems and drug abuse problems" as a defense. [R. 242-1 at pg. 3]. However, the record does not reflect this. At the time of his plea, Green informed the Court that he was taking medicine to treat his mental health conditions and that he was not currently experiencing any symptoms from that condition. [R. 222 at pg. 9-17]. Further, the Sixth Circuit upheld his guilty plea on appeal as being made knowingly and voluntarily. [R. 235 at pg. 3]. The substance of Green's claim was an erroneous belief that *Rehaif* applied to his plea negotiations. As this defense was not available to him at the time, his counsel cannot have provided ineffective assistance of counsel by not using the defense. Further, the record indicates that Green was lucid and mentally capable of making an intelligent, willful, and voluntary plea during the plea hearing. Thus, Green's claim for ineffective assistance of Counsel during plea bargaining resulting in an involuntary plea fails.

## IV. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may be issued where a movant made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000) (stating that issuance of a Certificate of Appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought to 28 U.S.C. § 2255); *see also Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-40, 154 L. Ed. 2d 931 (2003). The reviewing court must indicate which specific

issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005). For dismissals on procedural grounds, as to when a Certificate of Appealability to be raised, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S. Ct. at 1604.

Here, Green has not made a "substantial showing" as to any claimed denial of his rights. Moreover, the Court also believes that reasonable jurists would not find its determination on the merits debatable. Therefore, this Court recommends that the District Court deny a Certificate of Appealability.

## V. RECOMMENDATION

Accordingly, having reviewed Green's motion to vacate [R. 242] in accordance with Rule 10 of the Rules Governing § 2255 Habeas Cases, **IT IS RECOMMENDED** that:

1. Green's motion to vacate his sentence under § 2255 [R. 242] be **DISMISSED WITH PREJUDICE**;
2. A Certificate of Appealability be **DENIED** as to all issues raised, should Green so request.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v.*

*Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(1).

Signed October 26, 2021.




**Signed By:**

**_Edward B. Atkins_** *EBA*

**United States Magistrate Judge**