UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 6:17-cr-00026-GFVT-EBA |
| ) | Related Civil No. 6:21-cv-00038-GFVT-EBA |
| v. ) | |
| ) | |
| BOBBY GREEN, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Defendant. ) | **ORDER** |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter comes before the Court on a Recommended Disposition by United States Magistrate Judge Edward B. Atkins. [R. 258.] The defendant, Bobby Green, filed a *pro se* motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. [R. 242.] Consistent with local practice, Judge Atkins reviewed the motion and ultimately recommends that the Court deny Mr. Green's § 2255 motion. [R. 258.]

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive de novo review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and

wastes judicial economy.  *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Judge Atkins issued his Recommended Disposition on October 26, 2021.  [R. 258 at 16.]  Mr. Green filed objections to Judge Atkins's recommendation on November 7.  [R. 259 at 11.]  Mr. Green objects *pro se*; consequently, the Court acknowledges its duty to apply a more lenient standard of review.  *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985).  Mr. Green has four primary objections to Judge Atkins's Recommended Disposition.  [R. 259 at 2–8.]  First, Mr. Green argues that Judge Atkins improperly dismissed a claim demonstrating trial counsel's ineffectiveness that the Government failed to rebut.  *Id.* at 2.  Next, Mr. Green argues that his Due Process rights were violated, stating that Judge Atkins made a determination regarding Mr. Green's superseding indictment claim without evidence.  *Id.* at 3.  Mr. Green also objects to Judge Atkins's recommendations regarding his *Rehaif* claim.  *Id.*  Finally, Mr. Green argues that his attorney had a conflict-of-interest while representing him and that Judge Atkins erred in failing to hold an evidentiary hearing regarding the conflict before issuing his recommendations.  *Id.* at 6.  Some of Mr. Green's objections contain sufficient specificity for this Court to conduct *de novo* review, while others do not.  For this reason, the Court will evaluate and address each objection individually.  For the reasons stated below, Mr. Green's objections will be **OVERRULED**.

I

Judge Atkins's Recommended Disposition accurately and thoroughly sets forth the facts and procedural history of this case.  Nevertheless, the Court will discuss a few key facts to provide context for its decision.

> In 2017, a grand jury indicted Mr. Green on "four (4) counts of possession with intent to distribute a mixture or substance containing a detectable amount of

>  methamphetamine, in violation of 21 U.S.C. § 841(a)(1); conspiracy to distribute fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846; possession of a firearm of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1)."

[R. 258 at 1–2.] Mr. Green pled guilty to the four (4) counts of possession with intent to distribute but went to trial on his firearm-related charges. *Id.* Mr. Green was found guilty and appealed on November 18. [R. 258 at 2.] The Sixth Circuit affirmed Mr. Green's judgment. *Id.* (citing [R. 235]). Mr. Green then timely filed this Motion to Vacate. *Id.*

## II

Mr. Green's § 2255 claim is premised on five claims of ineffective assistance of counsel. [R. 258 at 3.] Specifically, Mr. Green argues that (1) counsel failed to advise him of a viable defense; (2) counsel failed to subject the Government's case to meaningful adversarial testing and failed to challenge a defective indictment related to the drug charges; (3) counsel failed to challenge the superseding indictment; (4) "counsel was ignorant of the law;" and (5) "counsel's failure to advise Green properly during plea negotiations resulted in an involuntary plea." *Id.* at 1. On October 26, 2021, Judge Atkins issued his Recommended Disposition which considered all five (5) of Mr. Green's claims, and recommended this Court deny defendant's motion to vacate. *Id.*

### A

In the Recommended Disposition, Judge Atkins began his analysis of Mr. Green's claims by laying out the applicable law governing ineffective assistance of counsel claims. To prevail on an ineffective assistance of counsel claim, a defendant must show (1) deficient performance on the part of defendant's counsel, and (2) "how the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Judge Atkins then addressed

each of Mr. Green's claims individually, first identifying the general claim, and then addressing the arguments presented in support.

**1**

Judge Atkins first evaluated Mr. Green's claim that "his counsel neglected to advise him of a viable defense." [R. 258 at 4; R. 252 at 5.] Mr. Green provided several arguments in support of his claim: "his trial counsel's failure to provide a viable defense (*Rehaif*), his trial counsel's alleged failure to subject the Government's case to adversarial testing, and his claim that his counsel failed to investigate witnesses," that his counsel had a conflict-of-interest, "and that counsel failed to investigate his competency and present an insanity defense." [R. 258 at 4–5; R. 242 at 4–5.] Judge Atkins addressed the conflict-of-interest and competency arguments here and evaluated Mr. Green's other arguments as part of other claims.

Judge Atkins first addressed Mr. Green's argument that his counsel had a conflict-of-interest and found that Mr. Green provided no factual basis for his claim. [R. 258 at 5.] Under § 2255, a movant must "specify all grounds for the relief available to the moving party" and "state the facts supporting each ground." *Id.* (citing 28 U.S.C.A. § 2255). Because Mr. Green failed to provide any factual basis, Judge Atkins did not evaluate the argument further. *Id.* at 5.

Judge Atkins also found Mr. Green's argument regarding his competency to be meritless and contradicted by the record. During Mr. Green's rearraignment, Judge Atkins questioned Mr. Green and his counsel extensively about Mr. Green's competency, and both parties informed the judge that Mr. Green was competent. [R. 258 at 5–6.] As a result, Judge Atkins concluded that "Green's counsel investigated Green's psychological history and found Green to be rational and capable of understanding the gravity of his situation." *Id.*

Mr. Green also contended that his counsel failed to inform him of an insanity defense. [R. 258 at 7; R. 242 at 5.] When a defendant asserts insanity as a defense, the defendant must show that "at the time of the commission of the acts constituting the offense," he "as a result of a severe mental disease or defect, was unable to appreciate he nature and quality or the wrongfulness of his acts." [R. 258 at 7 (citing 18 U.S.C. § 17).] Furthermore, if the defendant claims they are innocent, they are unable to assert a defense of insanity. *Id.* (citing *Kissner v. Palmer*, 826 F.3d 898, 903 (6th Cir. 2016)). Because Mr. Green did not admit to committing the crimes related to his firearm charges—deciding instead to go to trial—an insanity defense was unavailable. [R. 258 at 8.] Consequently, Judge Atkins found Mr. Green's counsel reasonable in not pursuing an insanity defense. *Id.*

**2**

Next, Mr. Green "claims that counsel did not subject the Government's case to meaningful adversarial testing or challenge a defective indictment." [R. 258 at 8.] Specifically, Mr. Green argues that "(1) the trial counsel failed to subject the Government's case to meaningful adversarial testing[,] (2) that his appellate counsel failed to raise an *Apprendi* argument[,] and (3) that the indictment was defective as it failed to list the specific quantity of drugs." *Id.*

Judge Atkins first addressed Mr. Green's argument that his "trial counsel failed to subject the Government's case to meaningful adversarial testing." *Id.* Mr. Green contended that his counsel's failure to discuss the investigation of witnesses and failure to call witnesses constituted a failure to subject the Government's case to adversarial testing. [R. 242 at 4; R. 258 at 8.] However, Judge Atkins noted that an attorney is not required to call witnesses if the testimony would not provide any exculpatory evidence. *Id.* at 8–9 (citing *Millender v. Adams*, 376 F.3d

5

520, 527 (6th Cir. 2006)). Additionally, Mr. Green failed to present evidence indicating there were other potential witnesses that could provide exculpatory evidence. [R. 258 at 9.] As a result, Judge Atkins found this argument baseless.

Mr. Green next argued that his appellate counsel erred in failing to make an *Apprendi* argument. [R. 258 at 9–10 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (Preventing sentencing judges from imposing a sentence higher than the statutory maximum associated with the crime based on facts that were determined by a jury beyond a reasonable doubt); *United States v. Carter* 45 F. App'x 339, 348 (6th Cir. 2002)).] However, Judge Atkins determined that "Green's appellate counsel was correct to not raise the argument" because "none of the sentences exceed the statutor[y] maximum." *Id.*

Mr. Green also argues that his counsel "provided ineffective assistance of counsel by failing to argue the indictment was defective for failing to list a drug amount." [R. 258 at 10; R. 242 at 5.] Judge Atkins finds this claim baseless, noting that an indictment that does not contain a drug amount is not unconstitutional. *Id.* at 11 (citing *United States v. Stewart*, 306 F.3d 295, 310 (6th Cir. 2002)). When an indictment fails to include a quantity, the defendant should be sentenced under 21 U.S.C. § 841(b)(1)(C). Consequently, Judge Atkins found there were no issues with Mr. Green's sentencing and concluded that the argument was unfounded. [R. 258 at 11.]

**3**

Mr. Green next contends that his superseding indictment did not go to a grand jury, and he requested the Court's help to develop this claim. [R. 258 at 11.] Judge Atkins discredited this argument, finding "the record indisputably shows that the superseding indictment was obtained by the Government with an empaneled grand jury." *Id.* Judge Atkins also found that the

superseding indictment was a "True Bill," which had been signed by the grand jury's foreperson. *Id.*

**4**

Mr. Green also argues that his counsel was ignorant of the law and erred in failing to inform Mr. Green of the *Rehaif* defense. [R. 258 at 12.] Judge Atkins also found this argument to be meritless. Under *Rehaif*, for a defendant to be sentenced as a felon in possession of a firearm under 18 U.S.C. § 922(g), that individual must be aware both that they possessed a firearm, and that they were "a member of a category of persons barred from possessing a firearm. *Id.* (citing *Rehaif v. United* States, 139 S. Ct. 2191, 2200 (2019)). Notably, however, Mr. Green fails to assert either that he did not know he was a felon or that he was unaware of the presence of the firearm. *Id.* Because Mr. Green did not assert either argument, Judge Atkins concluded "there is no basis for relief under § 2255." *Id.* at 13.

Mr. Green also argues that his counsel's failure to inform him of the *Rehaif* defense resulted in an involuntary plea. *Id.* at 13. However, the *Rehaif* decision had not been issued at the time of the plea negotiations, and therefore, was not available to assert as a defense. *Id.* However, although the *Rehaif* decision had not been issued, Mr. Green argued that his counsel should have known about the defense because the decision was pending. *Id.* However, Judge Atkins found that "the Sixth Circuit has held that counsel's failure to predict a change in the law is not a constitutional error." *Id.* (citing *United States v. Burgess*, 142 F. App'x 232, 241 (6th Cir. 2005); *Nichols v. United States*, 563 F.3d 240, 253 (6th Cir. 2009)). Thus, Judge Atkins concluded that "Green's trial counsel's failure to anticipate the new defense offered in *Rehaif* cannot be construed as being ineffective assistance of counsel by weight of Sixth Circuit authority." [R. 258 at 13.]

7

5

Finally, Mr. Green argues that his counsel should have utilized his "psychological problems and drug abuse problems" as another defense. [R. 258 at 14; R. 242-1 at 3.] Judge Atkins finds that this argument is contradicted by the record. The record shows that Mr. Green did, in fact, discuss his mental health during his plea negotiations, stating that "he was taking medicine to treat his mental health conditions and that he was not currently experiencing any symptoms from that condition." [R. 258 at 13.] Consequently, Mr. Green's mental health was found not to impact his ability to enter a knowing and voluntary guilty plea.

Judge Atkins also notes that the Sixth Circuit affirmed Mr. Green's judgment, upholding the guilty plea "as being made knowingly and voluntarily." *Id.* Ultimately, "[Mr.] Green's claim for ineffective assistance of counsel during plea bargaining resulting in an involuntary plea fails." *Id.*

B

Mr. Green filed objections to Judge Atkins's Recommended Disposition. [R. 259.] As required, the Court will address each of Mr. Green's objections, evaluating first whether the objections contain sufficient specificity to warrant *de novo* review, and then evaluating the merits of each objection that meets the requisite standard. *See Mira*, 806 F.2d at 637. The Court acknowledges its duty to evaluate Mr. Green's objections more leniently because of his *pro se* status. *See Castro*, 540 U.S. at 381–82; *Franklin*, 765 F.2d at 85.

1

Mr. Green first alleges that Judge Atkins acted improperly when he dismissed Mr. Green's claims "where the Government failed to put forth any evidence opposing the petitioner['s] affidavit of former trial counsel['s] ineffectiveness." [R. 259 at 2.] The Court

8

finds that Mr. Green's first objection fails to meet the specificity requirement needed for *de novo* review. Other than alleging that Judge Atkins has "arbitrarily applied the law," by dismissing claims which Mr. Green claims "only could have been disputed by former trial counsel's credible affidavit," Mr. Green fails to expand or provide support for his argument. *Id.*

Furthermore, the Court finds that Mr. Green's argument is contradicted by the record because the United States did respond to Mr. Green's claims. [R. 253.] The Government submitted a thorough answer to Mr. Green's claims, addressing each of his arguments and providing a legal argument or factual evidence from the record to support its response. *Id.* Because Mr. Green has failed to provide sufficient specificity to merit review, and his objection is contradicted by the record, the Court need not evaluate Mr. Green's first objection further. *See Mira*, 806 F.2d at 637.

**2**

In his second objection, Mr. Green argues that Judge Atkins erred in "failing to allow the Government to answer the petitioner's claim that the superseding indictment never went before a grand jury." [R. 259 at 3.] Mr. Green argues that "under Rule 5 of section 2255, the Government must answer all claims that the petitioner raised," and that Judge Atkins's dismissal of Mr. Green's claims without a response from the Government to counter Mr. Green's argument was incorrect. *Id.* The Court finds that Mr. Green has provided sufficient legal argument to warrant review of the objection on the merits.

However, after review, the Court finds that Mr. Green's second objection is meritless for two reasons. First, Mr. Green is incorrect that the Government failed to respond to his claim regarding the superseding indictment. The Government directly addressed Mr. Green's claim, arguing "Green's failure to specify why the indictment 'never went to a grand jury,' is fatal to his

claim" because "it is not for the Court to search the record and construct arguments." [R. 253 at 3 (citing *United States v. Brummett,* 2013, WL 5798013, at 24 (E.D. Ky. Oct. 28, 2013); *United States v. Dado*, WL 2016 4698782, at *3 (E.D. Mich. Jan 11, 2016); *United States v. Hensel*, 220 F. App'x 428, 431 (6th Cir. 2007); *United States v. Domenech*, 2013 WL 3834355, at 2 (W.D. Mich. July 24, 2013); *Short v. United States*, 504 F.3d 63, 65 (6th Cir. 1974)).] The Government further argued that Mr. Green's failure to provide an explanation puts the Court in a position to have to guess at Mr. Green's meaning and develop his claim for him, which is not the Court's responsibility. *Id.* Ultimately, the Government did respond to Mr. Green's argument and the Court finds Mr. Green's argument to the contrary is without merit.

Furthermore, the heart of Mr. Green's objection—that Judge Atkins dismissed his claim without evidence—is also meritless. In his recommendation, Judge Atkins stated, "the superseding indictment indicated that it was a 'True Bill' indicating that twelve or more of the empaneled grand jury members found the evidence presented to them justified Green's prosecution." [R. 258 at 11.] Judge Atkins also noted that "the True Bill was signed by the grand jury's foreperson." *Id.* Consequently, the Court finds this evidence persuasive and overrules Mr. Green's objection.

**3**

Mr. Green next objects to Judge Atkins's recommendation regarding his *Rehaif* claim, arguing that he experienced ineffective assistance of counsel because his trial attorney failed to inform him of a viable defense under *Rehaif*. [R. 242 at 4–6.] Under *Rehaif*, when the Government prosecutes an individual under 18 U.S.C. § 922(g) or 924(a)(2), the Government must prove both that the defendant "knew he possessed a firearm, and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. Mr. Green does not dispute that

10

the first element of the test was met. In fact, Mr. Green explicitly cites the Sixth Circuit decision in his objection, stating "the Court affirmed the conviction on *Rehaif*, on the first prong that the petitioner knew that he is a convicted felon who could not possess a firearm." [R. 259 at 5.] However, Mr. Green objects to Judge Atkins's dismissal of his claim, arguing that the second element of the *Rehaif* test was not proven (i.e., the petitioner knew he is a member of a class that cannot possess a firearm), and that the Court should hold an evidentiary hearing to develop his claim. *Id.*

The Court finds that Mr. Green provided sufficient specificity and legal argument to justify a *de novo* review of his *Rehaif* objection. The Court does not, however, find Mr. Green's objection persuasive. Although Mr. Green argues that the second element of the *Rehaif* requires an evidentiary hearing, he fails to acknowledge that the Government does not need to prove that the petitioner knew that he is a member of a class that cannot possess a firearm. *See United States v. Bowens*, 983 F.3d 790, 797–98 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 2572 (2020). Rather, the United States need only prove that the petitioner "knew he was a convicted felon." *Kelley v. United States*, 2021 WL 2373896, at *2 (6th Cir. Feb. 5, 2021). After reviewing the evidence in the record, the Court finds that the record indicates Mr. Green knew that he was a felon. [R. 258 at 12.] Specifically, Judge Atkins cites to an Agreed Stipulation entered by both Mr. Green with the United States, which stated, "that he . . . had been convicted of a crime punishable by imprisonment for a term of more than one year." *Id.* (citing R. 176 at 1). The recommendation also cites two of Mr. Green's prior charges—one for Attempted Murder, as well as a prior trafficking offense—for which Mr. Green received a prison sentence of thirteen years for each charge. [R. 258 at 12.] Considering Mr. Green's extensive criminal history and

11

the Agreed Stipulations, the Court finds that Mr. Green knew he was a convicted felon who had served over a year in prison because of his crimes.[1]

The Court also finds that Mr. Green's trial attorney did not err in failing to inform him of the *Rehaif* defense because the defense was not available to Mr. Green during his plea hearing. Mr. Green's sentencing took place in 2018, but the Supreme Court's decision in *Rehaif* was not issued until June 21, 2019. [R. 258 at 2; *Rehaif*, 139 S. Ct. 2191 (2019)).] Consequently, the defense did not exist and could not be raised by Mr. Green's counsel on his behalf during sentencing. Mr. Green's argument that Judge Atkins erred in dismissing his claim without an affidavit from Mr. Green's trial counsel or the Government stating that the trial counsel was unaware of the *Rehaif* defense also lacks merit. [R. 259 at 5–6.] The Government did respond to Mr. Green's argument, noting that the defense was not available at the time of sentencing. [R. 253 at 7.]

Even if the Government or Mr. Green's trial attorney erred in not submitting a response to Mr. Green's *Rehaif* claim, the Court finds the error harmless. The Government does not need to conclusively prove through an evidentiary hearing that Mr. Green's counsel was unaware of the defense. As mentioned *supra*, the defense was not available to Mr. Green at the time of his sentencing, and "the Sixth Circuit has held that counsel's failure to predict a change in the law is not a constitutional error," that would constitute ineffective assistance of counsel. [R. 258 at 13

---

[1] Mr. Green does not argue that he was unaware of the presence of the firearm in his vehicle, and the Court does not find it necessary to hold an evidentiary hearing as to this issue. However, had Mr. Green asserted that he was unaware of the presence of the firearm, the Court would find his argument unpersuasive. When the police approached Mr. Green's car after stopping him, they found the firearm in the front seat. [R. 258 at 13.] Considering that the police located the weapon in the front seat of Mr. Green's vehicle, it seems highly unlikely Mr. Green would not know of its presence.

(citing *United States v. Burgess*, 142 F. App'x 232, 241 6th Cir. 2005); *Nichols v. United States*, 563 F.3d 240, 253 (6th Cir. 2009)).]

In the alternative, to the extent *Rehaif* applies retroactively, "[Mr. Green] is not entitled to relief under *Rehaif* because he acknowledged that he had prior felony convictions for which he had served terms of imprisonment exceeding one year." *Kelley v. United States*, 2021 WL 2373896, at *2 (6th Cir. Feb. 5, 2021) (citing *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018)); *see also Brown v. United States*, 2021 WL 2470311, at *2 (6th Cir. May 21, 2021) (finding "plea agreement admission that he had been convicted of felony offenses punishable by more than one year in prison strongly suggests his knowledge of his status") (citing *United States v. Raymore*, 965 F.3d 475, 486 (6th Cir. 2020)).

Consequently, the Court finds that Mr. Green's attorney's failure to advise him of the defense does not constitute an error which would warrant an evidentiary hearing to determine what Mr. Green's trial attorney knew or believed at the time of sentencing. Ultimately, the Court finds Mr. Green failed to show that his trial counsel's performance was deficient for failing to raise a *Rehaif* defense during sentencing, and that the alleged deficiency "prejudiced the defense." *Strickland*, 466 U.S. at 687. Because Mr. Green has failed to prove either *Strickland* element, his objection fails.

### 4

Mr. Green also objects to Judge Atkins's findings regarding his conflict-of-interest claim, arguing that the evidence is inconclusive regarding his former attorney's alleged conflict. [R. 259 at 6.] As a result, Mr. Green argues that Judge Atkins erred in failing to hold an evidentiary hearing to resolve questionable facts. *Id.* Judge Atkins found that Mr. Green provided no factual basis for the claim that his attorney had a conflict of interest, and the Court agrees. [R. 258 at 5.]

Mr. Green fails to provide supporting evidence for this claim in his original motion, his affidavit, or in his objections to Judge Atkins's recommended disposition. As a result, Mr. Green has failed to provide sufficient specificity which would warrant a *de novo* review of this objection. *See Mira*, 806 F.2d at 637; *see also United States v. Dado*, 2016 WL 4698782, at *3 (E.D. Mich. Jan. 11, 2016) ("All parties, including *pro se* incarcerated persons, are obligated to develop arguments in a more than 'perfunctory manner, unaccompanied by some effort at developed argumentation.'") (quoting *United States v. Winkle*, 477 F.3d 407, 421 (6th Cir. 2007)). Therefore, the Court need not review this claim further and will adopt Judge Atkins's recommendation.

5

Finally, Mr. Green objects to Judge Atkins's finding that a Certificate of Appealability should not issue as to any of his claims. [R. 259 at 8.] A Certificate of Appealability may issue where the movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It is the reviewing court's role to indicate what specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see also Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005).

After reviewing the record and the arguments submitted both parties, Judge Atkins found that "Mr. Green has not made a 'substantial showing' as to any claimed denial of his rights." [R. 258 at 15.] Furthermore, Judge Atkins stated that "the Court believes that reasonable jurists would not find its determination on the merits debatable, and thus, recommended that the Court deny a certificate of appealability." *Id.* After reviewing the parties' arguments and Judge

14

Atkins's recommendations, the Court agrees and denies a Certificate of Appealability as to all of Mr. Green's claims.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Judge Atkins's Recommended Disposition **[R. 258]** is **ADOPTED** as and for the Opinion of the Court and Mr. Green's objections **[R. 259]** are **OVERRULED**;

2. Mr. Green's motion to vacate his sentence under § 2255 **[R. 242]** is **DENIED**;

3. A Certificate of Appealability is **DENIED** for all claims submitted by Mr. Green.

4. **JUDGMENT** in favor of the United States shall be entered contemporaneously herewith; and

5. Mr. Green's collateral proceeding is **DISMISSED** and **STRICKEN** from the Court's active docket.

This is the 22d day of July 2022.

Gregory F. Van Tatenhove
United States District Judge